NO. 07-03-0126-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 16, 2003

_____

ERIC ZUNIGA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-438174; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**ORDER OF ABATEMENT AND REMAND**

Appellant, Eric Zuniga, has given notice of appeal from a conviction and sentence in Cause No. 2001-438174 in the 140th District Court of Lubbock County, Texas (the trial court), for Delivery of a Controlled Substance. The appellate court clerk received and filed the trial court clerk's record on April 28, 2003, and received and filed the trial court reporter's record on July 14, 2003. By letter dated September 29, 2003, the appellate

clerk advised counsel for appellant that appellant's brief was due on August 13, 2003, and that neither the brief nor a motion for extension of time for filing of the brief had been received. Counsel for appellant was further advised by such letter that if no response to the letter was received prior to October 13, 2003, the appeal would be abated to the trial court for hearing pursuant to TEX. R. APP. P. 38.8(b). No response to the clerk's letter of September 29, 2003, has been received.

Accordingly, this appeal is abated and the cause is remanded to the trial court. TEX. R. APP. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, then whether appellant is indigent, and if not indigent, whether counsel for appellant has abandoned the appeal; (3) if appellant desires to prosecute this appeal, whether appellant's present counsel should be replaced; and (4) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. If the trial court determines that the present attorney for appellant should be replaced, the court should cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to

2

be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this court. TEX. R. APP. P. 38.8(b)(3). In the absence of a request for extension of time from the trial court, the supplemental clerk's record, supplemental reporter's record, and any additional proceeding records, including any orders, findings, conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than November 21, 2003.

Per Curiam

Do not publish.